**This order is SIGNED.**

**Dated: August 25, 2026**

**MICHAEL F. THOMSON**
**U.S. Bankruptcy Judge**

*ms*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF UTAH

| | |
|---|---|
| In re:<br>ACER INVESTMENT GROUP, LLC,<br>Debtor. | **Case No. 26-21567 MFT** |

**STIPULATED PROTECTIVE ORDER**

Upon the motion of Skatteforvaltningen, the Customs and Tax Administration of the Kingdom of Denmark ("SKAT"), this Court issued an Order Authorizing an Examination of, and Production of Documents, by, Debtor Acer Investment Group, LLC ("Acer" or "Debtor") in this bankruptcy case (Dkt. 22). Based thereon, SKAT has issued a subpoena to Acer. SKAT and Debtor jointly stipulate to the Court issuing this Protective Order.

Pursuant to Rule 9014, Federal Rules of Bankruptcy Procedure, applying Rule 7026(c), and Local Rule 7026-1, and consistent with the parties' consent, the Court finds, to expedite the exchange of discovery material, to limit the use of materials disclosed, and to preserve the confidentiality of information, good cause exists for entry of this Standard Protective Order ("SPO") governing the confidentiality of information. The SPO applies to all designated

information, documents, and other materials produced in this case consistent with Rule 2004, Federal Rules of Bankruptcy Procedure. The SPO applies to parties and nonparties from whom discovery may be sought, when the information needs protection.

## A. DEFINITION AND DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY

1. Designation of information under this SPO must be made by marking or labeling Rule 2004 Material, as defined below, as CONFIDENTIAL or ATTORNEYS' EYES ONLY, in a manner that will not interfere with its legibility.

2. "Rule 2004 Material" means all disclosures, documents, electronically stored information, testimony, exhibits, interrogatory answers, responses to requests for admission, and any other written, recorded, transcribed, graphic, or other matter or data produced in this bankruptcy case pursuant to a Rule 2004 subpoena, together with all information contained therein.

3. CONFIDENTIAL. The Debtor or a non-party that produces Rule 2004 Material (the "Debtor" or a "Non-Party") may designate them as CONFIDENTIAL when they in good faith believe the Rule 2004 Material : (i) is produced pursuant to a Rule 2004 subpoena and (ii)(a) contains sensitive personal information, including social security numbers, financial information, home addresses, personal email addresses, or personal telephone numbers; (b) contains confidential business information, including non-public financial, customer, or commercial information; (c) contains information the Debtor or Non-Party is contractually or legally obligated to keep confidential; (d) was provided to or maintained by the Debtor or Non-Party subject to an agreement to maintain such information as confidential; (e) contains information relating to an identified or identifiable natural person entitled to protection under foreign data protection laws including, but not limited to Regulation (EU) 2016/679, Apr. 27, 2016, 2016 O.J. (L119) 1, also

known as the EU General Data Protection Regulation and the Danish Data Protection Act; or (f) contains any other category of information hereinafter given confidential status by the Court.

4. ATTORNEYS' EYES ONLY. The Debtor or a Non-Party may designate Rule 2004 Material as ATTORNEYS' EYES ONLY when they in good faith believe the Rule 2004 Material:

a. satisfies the requirements set forth in Paragraph 3 above, or is non-public information that is related to a domestic or foreign law enforcement investigation or action, and

b. the disclosure, or further disclosure, of which would result in a clearly defined, serious, and irreparable injury to the Debtor or Non-Party that cannot be reasonably protected by alternate means.

5. Rule 2004 Material is not CONFIDENTIAL or ATTORNEYS' EYES ONLY if the receiving party establishes that it: (a) is or becomes publicly available other than through a violation of this SPO; (b) was lawfully known to the receiving party without a confidentiality obligation before disclosure; (c) is independently developed by the receiving party without use of protected information; or (d) is lawfully obtained from a person not under a duty of confidentiality to the producing or designating person.

6. A person or entity may designate (i) Rule 2004 examination testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY; and (ii) deposition testimony or deposition exhibits as CONFIDENTIAL or ATTORNEYS' EYES ONLY when the deposition is taken by requesting the court reporter so designate in the transcript or within 30 days of receipt of the deposition transcript by the party making the designation. All deposition testimony and transcripts shall be treated as CONFIDENTIAL until thirty (30) days after the receipt of the final transcript

in order to give the Debtor, the Parties or Non-Parties the opportunity to designate portions or all of the testimony or transcript.

7. A person or entity may also designate Rule 2004 Material as CONFIDENTIAL – NOT TO BE DISCLOSED TO OTHERS or ATTORNEYS' EYES ONLY.

8. A Non-Party producing Rule 2004 Material may designate the Rule 2004 Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

**B. DISCLOSURE AND USE OF RULE 2004 MATERIAL DESIGNATED AS CONFIDENTIAL OR ATTORNEYS' EYES ONLY**

1. CONFIDENTIAL. The parties and counsel for the parties must not disclose or permit the disclosure of any Rule 2004 Material designated as CONFIDENTIAL by any other party or nonparty under this SPO, except that disclosures may be made to the following:

a. counsel for a party, who are acting in a legal capacity and are actively engaged in this Bankruptcy Case; any party's counsel of record in any Foreign Action;[1] and regular or temporary employees and service vendors of such counsel;

b. Experts, consultants, and investigators (including their professional staffs) to the extent necessary for such expert, consultant, or investigator to prepare a written opinion, to prepare to testify, or to assist the parties or Counsel in the prosecution or defense of the Actions (or Foreign Actions as applicable). Nothing in this SPO shall be interpreted to alter or limit the application of Federal Rule of Bankruptcy Procedure 7026 with respect to disclosure of expert reports, drafts, communications, or other expert materials;

1. "Foreign Action" means any other action or proceedings commenced by SKAT in a foreign jurisdiction arising from or related to allegedly improper or fraudulent requests for refunds of dividend withholding taxes excepting therefrom any action against Acer, any member of Acer, and any pension plan for which Acer was an authorized agent (the "Foreign Actions"), including any appeals, retrials, or related proceedings.

c. Any person indicated to be the author, addressee, or a copy recipient of the material, or any other person who otherwise is shown to have knowledge of the material;

d. court personnel;

e. court-appointed special masters;[2]

f. court reporters, recorders, and videographers engaged for depositions;

g. court-appointed or jointly-selected mediator or arbitrator;

h. technical advisor, including an outside expert, consultant, or investigator, who is not a party to the action, not presently employed by the receiving party or a company affiliated through common ownership, but has been retained to provide technical or other expert services (e.g., expert testimony or assist in litigation or trial preparation), but no disclosure shall be made until a signed Acknowledgment and Agreement to be Bound (Attachment A) has been provided to the receiving party;

i. deposition and trial witnesses in connection with their testimony in the Bankruptcy Case or in a Foreign Action, actual or prospective witnesses, noticed or subpoenaed deponents (or the relevant procedural equivalent of a noticed or subpoenaed deponent in a Foreign Action), and their counsel.

j. independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this Bankruptcy Case or a Foreign Action;

2 A court-appointed special master who is currently serving as a magistrate judge qualifies as court personnel under section (B)(1)(b).

k. the insurer of a party to the Foreign Action and their employees to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes;

l. a party's representatives, officers, and employees as necessary to assist counsel with this Bankruptcy Case or in any Foreign Action; and

m. if those listed in sections B(1)(a)-(m) engage their partners, associates, employees, staff, or personnel to render reasonably necessary professional services, then these individuals must be advised of and subject to the provisions of this SPO and must hold the information, documents, or other materials in confidence.

2. ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties may permit the disclosure of Rule 2004 Material designated as ATTORNEYS' EYES ONLY by any other party or nonparty under this SPO to those identified in section (B)(1)(a)-(k).

3. Nothing in this SPO prohibits a receiving party that is a government agency from following its routine uses and sharing the Rule 2004 Material with other governmental agencies within their own government as allowed by law. Nothing in this paragraph authorizes SKAT to share any Rule 2004 Material with foreign governments or foreign governmental agencies outside of Denmark

**C. INADVERTENT FAILURE TO DESIGNATE AND INADVERTENT DISCLOSURE**

1. Inadvertent Failure to Designate. If a party inadvertently discloses Rule 2004 Material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the Rule 2004 Materials do not lose their protected status by production. The producing party must take all steps reasonably required to assure its continued confidentiality, including: (a) providing written notice to the receiving party within 10 days of the

discovery of the inadvertent production; (b) identifying the Rule 2004 Material in question; and (c) simultaneously providing appropriately designated substitute copies. After receiving notice and the production of substitute copies, the receiving party must destroy or return undesignated Rule 2004 Material. No person shall be liable for disclosing CONFIDENTIAL or ATTORNEYS' EYES ONLY material if that disclosure occurred prior to receipt of the written notice.

2. In the event that the Debtor or a Non-Party produces two or more identical or substantially identical copies of any Rule 2004 Material, and any copy is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY while other copies are not so designated, all such identical or substantially identical Rule 2004 Material shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY once notice is given by the Debtor or Non-Party of the inconsistent designation.

3. Inadvertent Disclosure of Information Covered by Attorney-Client Privilege or Work Product Protection in Information, Documents, or Other Materials Designated CONFIDENTIAL or ATTORNEYS' EYES ONLY. Whether inadvertent or otherwise, the disclosure of any Rule 2004 Materials that are subject to an objection based on attorney-client privilege or work-product protection will not be deemed to waive a party's claim to its attorney-client privilege or work-product protection and will not estop that party or the privilege holder from designating the information or documents as attorney-client privileged or subject to work-product protection at a later date. This SPO shall be interpreted to provide the maximum protection allowed under Fed. R. Evid. 502(d).

a. If a person or entity inadvertently discloses Rule 2004 Material that it believes is subject to a claim of attorney-client privilege or work-product protection, the producing party may give prompt written notice to the receiving party that the information, documents, or other

materials is subject to a claim of attorney-client privilege or work-product protection and may request that it be returned to the producing party. Upon notice, regardless of whether the receiving party agrees with the claim of privilege or work-product protection, the receiving party must: (a) return the information at issue; (b) not use or disclose the materials until the matter is resolved; and (c) take reasonable steps to retrieve the information if the receiving party further disclosed it.

b. If the receiving party disputes that the information at issue is subject to attorney-client privilege or work-product protection, the receiving party or entity must make reasonable efforts to resolve the dispute without court assistance. If the dispute cannot be resolved, the receiving party may move the court, under seal, within 45 days of the prompt written communication sent to the opposing party. The producing party must preserve the information at issue until the claim is resolved.

**D. MAINTENANCE OF DESIGNATION**

1. Except as provided in section (B), counsel for the parties must keep all Rule 2004 Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY that are received under this SPO secure within their exclusive possession and must place the Rule 2004 Material in a secure area.

2. All documents, including attorney notes, abstracts, and copies, that contain another's CONFIDENTIAL or ATTORNEYS' EYES ONLY information must be handled as if they were so designated.

3. If any discovery responses, deposition transcripts, memoranda, or any other papers filed with the court include CONFIDENTIAL or ATTORNEYS' EYES ONLY information, then they must be so designated.

4. If a filing contains Rule 2004 Materials that were designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a nonparty, the party making the filing must provide prompt written notice of the filing to the Non-Party.

5. If Rule 2004 Materials are reviewed by a receiving party before production, any knowledge learned during the review will be treated by the receiving party as ATTORNEYS' EYES ONLY until the information has been produced, at which time any affixed designation controls. Absent the express permission of the producing party, or as otherwise permitted by an order or rule of the court, no photograph or any other means of duplication, including electronic means, is permitted before the information is produced with the appropriate designation. Any such duplicate will be treated by the receiving party as having the same designation as the original. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and designated.

6. If a question is asked at a deposition and a party claims the answer requires the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the following must occur:

a. every person present must be advised of the SPO by the party asserting confidentiality;

b. all persons who are not allowed to receive the information under this SPO, other than the witness, must leave the deposition while the information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is disclosed; and

c. the witness must answer the question completely.

7. If a receiving party is served a subpoena or court order (the "Subpoenaed Person"), issued in a separate action, that seeks CONFIDENTIAL or ATTORNEYS' EYES

ONLY designated Rule 2004 Material, then the Subpoenaed Person must give prompt written notice to counsel for the producing party to allow a meaningful opportunity to challenge the subpoena or court order before the deadline to comply. The burden of opposing the enforcement of the subpoena shall fall solely upon the Party or Non-Party who produced or designated the Rule 2004 Material. Unless the Party or Non-Party who produced or designated the Rule 2004 Material submits a timely objection seeking an order that the subpoena need not be complied with, and serves such objection upon the Subpoenaed Person by hand delivery, overnight delivery, or e-mail (which e-mail shall be considered delivered when sent) prior to the production date required pursuant to the subpoena, the Subpoenaed Person shall be permitted to produce documents responsive to the subpoena on the subpoena response date. No compulsory disclosure to nonparties of CONFIDENTIAL or ATTORNEYS' EYES ONLY designated Rule 2004 Material under this SPO is deemed a waiver of any claim of confidentiality, except when there is a judicial determination finding otherwise.

**E. CHALLENGES TO A DESIGNATION.**

1. Nothing in this SPO shall be or be deemed to be an acknowledgment by any Party that any Rule 2004 Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is in fact entitled to such treatment under applicable law. A party may challenge the producing party's designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY at any time.

2. To challenge the designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY, the receiving party must make reasonable efforts, without court assistance, to resolve the dispute. At a minimum, those efforts must include:

a. a prompt written communication sent to the producing party identifying the Rule 2004 Material at issue and specifying why they believe the designation is improper; and

b. a request that the producing party meet and confer, including suggested dates and times.

3. If the parties are unable to resolve the dispute after engaging in reasonable efforts in section (E)(2)(a)-(b), then the receiving party may file a motion. The motion must include a certification that states:

a. the parties made reasonable efforts to reach agreement on the disputed matters;

b. the date, time, and method of the reasonable efforts; and

c. the names of all participating parties or attorneys.

4. The producing party bears the burden of proving that the designation is proper. The producing party's failure to engage in reasonable efforts to resolve the dispute or respond to an appropriately filed motion may result in the designation as requested by the receiving party.

**F. CONCLUSION OF LITIGATION**

1. At the conclusion of this bankruptcy case and any related actions, a party may request that all Rule 2004 Materials that were not filed with the court and not received into evidence and were designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this SPO, but must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law, except to the extent that a party is obligated to maintain such Rule 2004 Materials pursuant to applicable law or regulation (including any applicable foreign law).

2. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the court, subject to all other restrictions of this SPO.

3. The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party must

notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the court.

**G. CONTINUING JURISDICTION OF COURT TO ENFORCE THE SPO**

1. After the termination of this action, the court will continue to have jurisdiction to enforce this SPO.

**H. OTHER**

1. Except as otherwise provided by this SPO, all Rule 2004 Material received by any Party or Non-Party may be used for purposes of this bankruptcy case or related action or any Foreign Action, and must not be used for any business, commercial, or other purposes. Notwithstanding any other provision of this SPO, all Rule 2004 Material received by any Party or Non-Party may only be used for the purpose of a Foreign Action so long as the Rule 2004 Material is subject to an agreement, enforceable by order of a court of competent jurisdiction for the Foreign Action that provides protections regarding the use and confidentiality of Rule 2004 Material that are substantially similar to those contained in this SPO (each a "Foreign Confidentiality Order").

2. Nothing contained in this SPO or any designation hereunder or any failure to make such designation shall be used or characterized by any Party as an admission of any kind.

**SO ORDERED AND ENTERED BY THE COURT AND EFFECTIVE AS OF THE COMMENCEMENT OF THE CASE.**

Stipulated Consent of:

Skatteforvaltningen fka SKAT ("SKAT"), the Customs and Tax Administration of the Kingdom of Denmark

By: Hughes Hubbard & Reed LLP

/s/ Dustin P. Smith
Attorneys for SKAT

Acer Investment Group, LLC

By: Kirton McConkie, P.C.

/s/ Jeremy C. Sink
Attorneys for Acer Investment Group, LLC, Debtor

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that they have read the court's Standard Protective Order attached hereto and dated _______________ in the case captioned __________________________________, understand the terms and agree to be bound by its terms. The undersigned submits to the jurisdiction of the United States Bankruptcy Court for the District of Utah in matters relating to this Standard Protective Order and understands that the terms of the Standard Protective Order obligate them to use information, documents, or other materials designated as CONFIDENTIAL in accordance with the Standard Protective Order solely for the purposes of the above-captioned Bankruptcy Case, and not to disclose information, documents, or other materials designated as CONFIDENTIAL to any other person, firm, or concern, except in accordance with the provisions of the Standard Protective Order.

The undersigned acknowledges that violation of the Standard Protective Order may result in penalties for contempt of court.

Name: ______________________________________

Job Title: ______________________________________

Employer: ______________________________________

Business Address: ______________________________________

______________________________________

Date: ______________ ______________________________________
Signature

4906-9109-0890, v. 1